## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **DUSTIN WILKES,** | **CIVIL ACTION** |
| **Plaintiff,** | **FILE NO.** |
| **v.** | |
| **UNITED STATES OF AMERICA** | |
| **(United States Postal Service** | |
| **"USPS"),** | |
| **Defendant.** | |

## <u>FIRST COMPLAINT FOR DAMAGES</u>

COMES NOW Plaintiff Dustin Wilkes ("Plaintiff"), by and through counsel, and hereby files his Complaint for Damages, respectfully showing this Court as follows:

**<u>Jurisdiction, Venue, Conditions Precedent</u>**

1.

This is an action for personal injury arising out of a motor vehicle accident that occurred on June 21, 2018 involving Plaintiff and a United States Postal Service (hereinafter "USPS") truck driven by USPS employee Shandra Barnett.

2.

This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. (hereinafter "FTCA").

3.

Plaintiff is a citizen of the State of Georgia and has been a citizen of the State of Georgia at all times relevant to this case.

4.

The USPS is an independent establishment of the executive branch of the Defendant United States of America. 39 U.S.C. § 201. The USPS is within the Federal Tort Claims Act.

5.

In accordance with Fed. R. Civ. P. 4(i), Defendant United States of America (referred to herein as "USPS" and or "Defendant") was properly served with process by service of the Summons and Complaint sent by

registered or certified mail to the Civil Process Clerk, Office of the United States Attorney, 1800 Richard B. Russell Federal Building, 75 Spring Street, S.W., Atlanta, Georgia 30303.

6.

In accordance with Fed. R. Civ. P. 4(i), the Attorney General of the United States was properly served with process by service of the Summons and Complaint sent by registered or certified mail to the Attorney General of the United States, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

7.

By virtue of the facts set forth in this Complaint, this Court has jurisdiction pursuant to 28 U.S.C. § 1346.

8.

Venue for this action is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1402.

9.

Plaintiff's Administrative Claims were properly and timely presented to the USPS.

10.

Plaintiff has fully complied with all conditions precedent, including but not limited to all provisions of 28 U.S.C. § 2675 of the FTCA.

**Factual Background**

11.

On or about October 27, 2015, Plaintiff was operating a 1997 Dodge Ram truck, VIN#3B7HF13Z2VG719688, and was stopped in the eastbound right turn lane of Mitchell Road, at its intersection with Brook Hollow Parkway, in Gwinnett County, Georgia.

12.

On said date, USPS driver Shandra Barnett was operating a USPS Postal Vehicle, VIN#1GBCS10A0P2902544, and was traveling eastbound on Mitchell Road approaching its intersection with Brook Hollow Parkway, when she collided into the rear of Plaintiff's vehicle.

13.

On said date, Barnett negligently operated the vehicle which caused her to collide with the vehicle driven by Plaintiff.

14.

The collision between the two vehicles occurred as a direct and proximate result of Barnett's negligence and failure to exercise ordinary care.

15.

No act or failure to act on the part of the Plaintiff caused or contributed to the collision described in the Complaint.

16.

No act or failure to act on the part of any third party caused or contributed to the injuries suffered by Plaintiff in the collision described in this Complaint.

17.

No act or failure to act on the part of a Plaintiff caused or contributed to the cause of his claimed injuries.

18.

Investigating officer Victor Pinero with the Norcross Police Department issued Barnett a citation for "following too closely" in violation of O.C.G.A. § 40-6-49.

19.

The collision described in this Complaint caused Plaintiff to suffer injuries, losses, and damages.

20.

Defendant agrees that it should fully and fairly compensate plaintiffs for all injuries, losses, and damages that plaintiffs prove were caused by the collision described in this Complaint.

21.

Barnett was an employee of the USPS at the time of the collision described in this Complaint.

22.

Barnett was acting in the course and scope of her employment with Defendant at the time of the collision described in this Complaint.

23.

Barnett was an agent of Defendant at the time of the collision described in this Complaint.

24.

Barnett was acting in the course and scope of her agency with Defendant at the time of the collision described in this Complaint.

## Count I: Negligence

25.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 24 above as if fully restated.

26.

At all times material hereto, Barnett and Defendant owed Plaintiff a duty to exercise proper, ordinary and reasonable care in the operation of the vehicle and to adhere to the laws of the State of Georgia in the operation of the vehicle.

27.

Barnett was negligent and breached this duty.

28.

As a direct and proximate result of Barnett's negligence, Plaintiff was seriously injured and incurred medical expenses, lost wages and other actual and special damages, including future medical bills and lost wages.

## Count II: Imputed Liability

29.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 28 above as if fully restated.

30.

At the time of the accident, Barnett was acting within the scope of her employment with Defendant.

31.

Defendant is responsible for Barnett's actions under the doctrine of *respondeat superior*, agency or apparent agency.

## Count III: Negligent Hiring, Training and Supervision

32.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 31 above as if fully restated.

33.

Defendant, as Barnett's employer, had a duty to supervise Barnett in a reasonably prudent fashion, as well as a duty not to entrust a motor vehicle to a person who is incompetent to drive by reason of physical or mental condition, or by a known habit of recklessness.

34.

Defendant was negligent in its hiring and retention of Barnett.

35.

Defendant was negligent in failing to properly train and/or supervise Barnett in the safe operation of her vehicle.

36.

Defendant's negligence in hiring and retaining Barnett as a driver and failing to train and supervise her properly was the proximate cause of the collision, and Plaintiff's resulting injuries and damages.

## Damages

37.

As a direct and proximate result of Barnett's and Defendant's negligence, Plaintiff was seriously injured and incurred medical expenses, lost wages and other actual and special damages, including future medical treatment and lost wages.

38.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential, punitive and/or other damages permitted. Plaintiff states his intention to seek all compensatory, special, economic, consequential, general and all other damages permissible under Georgia Law, including, but not limited to:

a) Personal injuries;

b) Past, present and future pain and suffering;

c) Disability;

d) Disfigurement;

e) Mental anguish;

f) Loss of the capacity for the enjoyment of life;

g) Incidental expenses;

h) Lost wages;

i) Loss of earning capacity;

j) Past, present and future medical expenses;

k) Permanent injuries; and

l) Consequential damages to be proven at trial.

40.

That each of the forgoing acts and omissions constitute an independent act of negligence on the part of the Defendant and one or more or all of said herein above stated acts were the proximate causes of the injuries and damages sustained by the Plaintiff. Defendant is liable for Plaintiff's injuries sustained, pain and suffering, cost of treatment and all other elements of damages allowed under the laws of the State of Georgia.

WHEREFORE, Plaintiff prays as follows:

(a) That process and summons be issued and served upon the Defendant;

(b) That judgment be entered in his favor against Defendant on his Complaint;

(c) That Plaintiff have and recover from Defendant an amount for his past special and actual damages, the exact amount of which will be determined at trial;

(d) That Plaintiff have and recover from Defendant an amount for his past lost wages, the exact amount of which will be determined at trial;

(e) That Plaintiff have and recover from Defendant an amount to compensate his for his future medical and other expenses and lost wages, the exact amount of which will be determined at trial;

(f) That Plaintiff have and recover from Defendant an amount for his pain and suffering, general damages, and compensatory damages, the exact amount of which will be determined at trial;

(g) That Plaintiff have and recover from Defendant his reasonable and necessary attorney's fees and expenses of litigation;

(h) That Plaintiff have a trial by jury on all issues so triable;

(i) That all costs of this action be taxed against Defendant; and

(j) That this Honorable Court award such other and further relief as it deems just and proper.

This the 4th day of February, 2022.

Amer H. Ahmad
Georgia Bar Number 927298
Attorney for Plaintiff